UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

JANE DOE,

    Plaintiff,

v.

SRIHARI GANESASANKAR,

    Defendant.

Case No.
Hon.

---

Joseph M. Xuereb (P40124)
Brennan R. Giese (P85967)
**XUEREB LAW GROUP PC**
Attorneys for Plaintiff
39209 Six Mile Rd, Suite 165
Livonia, Michigan 48152
Ph. (734) 455-2000
Fax. (734) 455-2013
jxuereb@xuereblawgroup.com

---

## COMPLAINT AND JURY DEMAND

Plaintiff, JANE DOE, through her attorneys, XUEREB LAW GROUP PC, by Joseph M. Xuereb and Brennan R. Giese, for her complaint in this action, states:

1. Plaintiff, JANE DOE, is a resident of Plymouth Township, Wayne county, Michigan.

2. Srihari Ganesasankar ("Srihari") is a resident of the state of California.

3. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. The parties are citizens of different states.

5. This court accordingly has jurisdiction pursuant to 28 U.S.C. § 1332.

6. A substantial part of the events giving rise to this action occurred within the geographical boundaries of the United States District Court for the Eastern District of Michigan.

7. Venue is accordingly proper pursuant to 32 U.S.C. 1391(b)(2).

## FACTS

8. For approximately two years before October 7, 2024, Jane Doe and Srihari were in a dating relationship.

9. On or about October 7, 2024, Jane Doe learned Srihari secretly, and without permission, recorded their video sexual encounters and disseminated them on the internet.

10. Srihari has admitted he secretly recorded Jane Done and disseminated her images on the internet.

## Count I – Intrusion on Seclusion

11. Plaintiff realleges the allegations contained in paragraph 1-10, above.

12. The parties had FaceTime sexual encounters that were a secret and private subject matter.

13. Plaintiff possessed the right to keep the subject matter of these FaceTime encounters private.

14. Srihari's secretly recording the facetime sexual encounters was objectionable to a reasonable person.

15. Srihari's actions caused plaintiff to incur the damages.

16. Plaintiff seeks actual compensatory damages, including mental and emotional distress, exemplary damages, and punitive damages.

THEREFORE, plaintiff requests judgment for compensatory damages in the amount of two million dollars, plus exemplary and punitive damages, interest, cost and attorney fees wrongfully sustained.

## Count II – Public Disclosure of Embarrassing Private Facts

17. Plaintiff realleges the allegations contained in paragraph 1-16, above.

18. Srihari disclosed information relating to plaintiff.

19. Srihari disclosure of this information was highly offensive to any reasonable person.

20. The information Srihari disclosed has no legitimate concern to the public.

21. Srihari's actions caused plaintiff to incur the damages.

22. Plaintiff seeks compensatory damages as well as exemplary and punitive damages for Srihari's outrageous actions.

THEREFORE, plaintiff requests judgment for compensatory damages in the amount of two million dollars, plus exemplary and punitive damages, interest, cost and attorney fees wrongfully sustained.

## Count III – False Light Publicity

23. Plaintiff realleges the allegations contained in paragraph 1-22, above.

24. Srihari broadcast communication to the general public about plaintiff.

25. The communication cast plaintiff in a light that would be highly offensive to any reasonable person.

26. Srihari's communications attribute to plaintiff characteristics, conduct and beliefs that are false and placed plaintiff in a false position.

27. Srihari's communication falsely insinuated plaintiff is the type of person willing to publicly do the things in the private video recordings Srihari broadcast.

28. Plaintiff seeks compensatory damages, as well as exemplary and punitive damages, for Srihari's outrageous actions.

THEREFORE, plaintiff requests judgment for compensatory damages in the amount of two million dollars, plus exemplary and punitive damages, interest, cost and attorney fees wrongfully sustained.

## Count IV – Intentional Infliction of Emotional Distress

29. Plaintiff realleges the allegations contained in paragraph 1-28, above.

30. Shrihari's conduct in distributing secretly recorded video of plaintiff was extreme and outrageous conduct.

31. Shrihari specifically intended to distribute the extreme and outrageous conduct.

32. Shrihari's actions caused plaintiff damages.

33. Shrihari's extreme and outrageous conduct cause plaintiff emotional distress.

34. Plaintiff seeks compensatory damages as well as exemplary and punitive damages for Srihari's outrageous actions.

THEREFORE, plaintiff requests judgment for compensatory damages in the amount of two million dollars, plus exemplary and punitive damages, interest, cost and attorney fees wrongfully sustained.

## Count V – Negligence *Per Se*

35. Plaintiff realleges the allegations contained in paragraph 1-34, above.

36. MCL750.539j(1)(b) makes it a crime to capture or record unclad genitalia or buttocks of another individual under circumstances of which the individual would have a reasonable expectation of privacy.

37. MCL750.539j(1)(c) prohibits the distribution of any recording or visual image a person knowing it was obtained in violation of MCL750.539j.

38. MCL750.539j was intended to protect persons like plaintiff from actions like those taken by Srihari in this matter.

39. Srihari's actions taken in violation of the statute proximately caused plaintiff damages.

40. Plaintiff seeks compensatory damages as well as exemplary and punitive damages for Srihari's outrageous actions.

THEREFORE, plaintiff requests judgment for compensatory damages in the amount of two million dollars, plus exemplary and punitive damages, interest, cost and attorney fees wrongfully sustained.

Respectfully submitted,

**XUEREB LAW GROUP PC**

By: /s/ *Joseph M Xuereb*
    Joseph M. Xuereb (P40124)
    Attorneys for Plaintiff
    39209 Six Mile Rd, Suite 165
    Livonia, Michigan 48152
    (734) 455-2000
    jxuereb@xuereblawgroup.com

Dated: April 2, 2025

[This space intentionally left blank]

## JURY DEMAND

Plaintiff, JANE DOE, through her attorneys, XUEREB LAW GROUP PC, by Joseph M. Xuereb and Brennan R. Giese, demands a jury trial in this action.

Respectfully submitted,

**XUEREB LAW GROUP PC**

By: /s/ *Joseph M Xuereb*
    Joseph M. Xuereb (P40124)
    Attorneys for Plaintiff
    39209 Six Mile Rd, Suite 165
    Livonia, Michigan 48152
    (734) 455-2000
    jxuereb@xuereblawgroup.com

Dated:  April 2, 2025